# Exhibit 29

**Schuyler Standley**

| | |
|---|---|
| **From:** | Cohen, Jonathan < ▮▮▮▮ @ftc.gov> |
| **Sent:** | Monday, February 2, 2026 5:26 PM |
| **To:** | Schuyler Standley; Abbe David Lowell; David Dale; Bella Oishi |
| **Cc:** | Chiang, Annie; Clausen, Hans |
| **Subject:** | FTC CID to WPATH – Friday's Meet & Confer |

Counsel,

Thank you for meeting with us last Friday, January 30, about the Commission's Civil Investigative Demand (CID) to your client World Professional Association for Transgender Health (WPATH). During that meet and confer, we each raised several matters, and we offered you an extended production schedule. Those issues are outlined in more detail below. Additionally, we are available tomorrow at noon for a further meet-and-confer and will circulate an invitation.

## I.      Document Retention and Production

During our meeting, you confirmed that you have either asked WPATH to impose a litigation hold, or that it has, at your direction, already imposed a litigation hold, which we appreciate. We also requested information concerning, but you were not yet prepared to discuss, the following: (1) where or how your client's documents relevant to the requests in the Commission's CID are stored, (2) details on the number or identity of any custodians with relevant documents responsive to the CID in their possession, (3) your process for reviewing those documents, to determine responsiveness as well as your privilege review and how or when you would assert protected status claims, and (4) whether you plan to use Technology-Assisted Review (TAR) or Artificial Intelligence (AI) as part of your compliance with our CID requests. We explained that if you plan to use any AI-assisted program or tool in connection with your response, you must disclose this to us.  You may not use TAR or AI without our consent, although we would work with you in good faith to attempt to reach an agreement should you propose to use TAR or AI.

With respect to privilege logs, we explained that WPATH must comply with Commission rules, and it must produce logs contemporaneously with the associated production.  You asked to discuss the process for privilege review at a later time, and we are always willing to discuss this, or anything else, with you.

## II.      Issues You Raised

At last week's meet-and-confer, you sought to clarify two points: (1) whether the FTC has authority to issue the CID; and (2) that your client's documents or responses may implicate confidences or privileges given their relation to medicine or the medical field.  First, although we

do not necessarily agree that WPATH is not engaged in "commerce," as you appeared to understand that term, we explained that the Commission's authority to issue CIDs is broader than its authority to institute litigation; WPATH need only possess information "relevant to" unfair or deceptive acts in or that affect commercial activity.  *See* 15 U.S.C. 57b-1(c)(1).  Second, we appreciate your client's concerns regarding privacy.  Privacy concerns are important to us as well.  Notably, as we explained, the FTC has very strict statutory and regulatory requirements regarding use and disclosure of data that you produce.  These protections are more than ample and, in any event, we have no ability to agree to something different than what the law expressly provides.  Beyond those points, you did not raise other issues.

### III.    Proposal for Production Schedule

We proposed a production schedule, which is reflected below. Assuming WPATH agrees to accept service, forgo any petition to quash, and continue engaging with us in good faith (all standard requirements), we will extend the CID's return date as follows:

a. By February 16, you will respond fully to Document Request Nos. 10 and 12;
b. By March 16, you will respond fully to five Document Requests of your choosing and five Interrogatories of your choosing (except that you may not select Interrogatory 15 or Request 13 (those logically come last));
c. By April 16, you will respond fully to all remaining Document Requests and Interrogatories.

For all production deadlines, you will produce the related privilege log simultaneously with your production. Our proposed production schedule affords you ninety days to complete your response, which is eminently reasonable, and triple what the CID currently permits.  Moreover, it provides WPATH extensive discretion over the order in which it produces material.

As a formal matter, and in conformance with the applicable rules, we note that Deputy Director Kate White has endorsed the CID modifications this correspondence contains. We look forward to talking again tomorrow.

Thanks,

**Jonathan Cohen**
Chief Litigation Counsel
Bureau of Consumer Protection | Federal Trade Commission
600 Pennsylvania Avenue, N.W., HQ-█ Washington, D.C.  20580
████████  ██████@ftc.gov