# Exhibit 30

**From:** Cohen, Jonathan
**To:** Schuyler Standley; Bella Oishi; Abbe David Lowell
**Cc:** Chiang, Annie; Clausen, Hans; Hitchcock, Jennie; White, Katherine; David Dale
**Subject:** RE: CID to WPATH
**Date:** Saturday, February 7, 2026 2:48:40 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png

---

Schuyler,

I'm not sure it's constructive to address everything you raise below, but briefly with respect to certain issues:

- We're not sure how to interpret your offer.  We informed you that you need not produce publicly-available material from your website, and you are now offering that to us anyway.  Also, as the parties have discussed—and contrary to what you seem to suggest about our position—WPATH's tax status does not resolve whether it is within the FTC's jurisdiction to sue, which is itself does not resolve whether it is within the FTC's CID authority.  And, if we understand your proposal, the publicly-available material and tax documents would fully "satisfy WPATH's obligations under this CID."  To be direct, you appear to be offering us something that you surely realize we cannot accept.  So this doesn't seem like a foundation for further discussions.

- We don't necessarily agree with your characterization of the objections raised.  You've listed general topics, and some of which we covered in depth concerning particular specifications, others much less so.

- I don't understand what you mean through your penultimate line, wherein you explain that "if we reach a mutual understanding," then WPATH would "provide answers to your questions regarding discovery methodology."  Specifically, we're unsure what you mean by "discovery methodology."  Presumably this concerns questions we raised during both of our conversations concerning document storage, custodians, search methodology, privilege assertions, and the like.  Those questions remain

unanswered.  But this is information to which we're entitled, and in a timely manner, not information we must bargain to obtain.


Best,


**Jonathan Cohen**
Chief Litigation Counsel
Bureau of Consumer Protection | Federal Trade Commission
600 Pennsylvania Avenue, N.W., HQ-█    Washington, D.C.  20580
████████████ |  █████[@ftc.gov](mailto:@ftc.gov)

---

**From:** Schuyler Standley < ████████ @lowellandassociates.com>
**Sent:** Friday, February 6, 2026 5:00 PM
**To:** Cohen, Jonathan < ███████ @ftc.gov>; Bella Oishi < █████ @lowellandassociates.com>; Abbe David Lowell < ███████ @lowellandassociates.com>
**Cc:** Chiang, Annie < ███████ @ftc.gov>; Clausen, Hans < ████████ @ftc.gov>; Hitchcock, Jennie < ████████ @ftc.gov>; White, Katherine < ██████ @ftc.gov>; David Dale < ████ @staubanderson.com>
**Subject:** RE: CID to WPATH


Mr. Cohen,

We are in receipt of your letter, sent February 6, 2026, at 6:55pm.  We are reaching out to respond and to offer a proposal, as requested during our last meet-and-confer.

On our February 3 call, we set forth our concerns and objections to the Civil Investigative Demand letter that we received on January 16, 2026, including objections based on jurisdiction, vagueness, overbreadth, relevance to FTC's investigation and investigatory powers, and constitutional issues, particularly the First Amendment. Through our conferences and correspondence, we have continued to gain a clearer picture on what, exactly, the CID seeks from WPATH.  We appreciate the continued negotiations, and at this point, our concerns and objections remain.  We have met with our client to discuss your proposal and your recent letter, as well as your request for us to provide a counterproposal that would mitigate our concerns, in particular, those related to the First Amendment.  We are prepared to offer the following to satisfy WPATH's obligations under this CID:

*First*, we understand your clarification that WPATH does not need to produce information that is currently available on its website.  However, many, if not all, of your requests would at least be partially answered by publicly available information on WPATH's website, so we assume that there is some difficulty finding this relevant information.  As a courtesy, WPATH is willing

to provide links or otherwise point your team to the correct webpages that are responsive to its questions, as such information would also aid FTC in understanding its lack of jurisdiction over WPATH, and provision of publicly available, easily-accessible information that WPATH has shared on its website would not further intrude on WPATH's First Amendment rights.

*Second*, we understand your position on FTC's jurisdiction over WPATH, but recognize that certain tax documents, namely, WPATH's Form 990s, would demonstrate that WPATH is not within your jurisdiction. We are willing to provide those documents to you as well.

If this proposal is not satisfactory, we remain available to continue our negotiations in good faith. However, with the deadline for WPATH's petition to quash set for this coming Monday, February 9, and the deadline for production set for February 16, there is little breathing room for further discussion. Should you wish to engage in further discussions, we would request a modest continuance of the petition to quash deadline, to February 16, 2026, and a similar modest extension of the deadline for production, to February 23, 2026. In our opinion, these modest extensions would permit us to engage in meaningful, good-faith discussions of the CID and WPATH's proposal, and if we reach a mutual understanding, for WPATH to provide answers to your questions regarding discovery methodology. Please advise if you are amenable to these reasonable extensions.

Best,



**Schuyler Standley** | Associate

*Lowell & Associates, PLLC*

📞 202-964-6110

📱 ██████

✉ ██████@lowellandassociates.com

🌐 lowellandassociates.com

📍 1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

**From:** Cohen, Jonathan <██████@ftc.gov>
**Sent:** Thursday, February 5, 2026 6:55 PM
**To:** Schuyler Standley <██████@lowellandassociates.com>; Bella Oishi <██████@lowellandassociates.com>; Abbe David Lowell <██████@lowellandassociates.com>
**Cc:** Chiang, Annie <██████@ftc.gov>; Clausen, Hans <██████@ftc.gov>; Hitchcock, Jennie <██████@ftc.gov>; White, Katherine <██████@ftc.gov>; David Dale <██████@staubanderson.com>
**Subject:** CID to WPATH

Counsel,

Please see the attached correspondence.

Thanks,

**Jonathan Cohen**
Chief Litigation Counsel
Bureau of Consumer Protection | Federal Trade Commission
600 Pennsylvania Avenue, N.W., HQ-███ Washington, D.C.  20580
████████ | █████ @ftc.gov