# Exhibit 31



United States of America
**FEDERAL TRADE COMMISSION**
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Bureau of Consumer Protection
Chief Litigation Counsel

**Jonathan Cohen**

████████████████ @ftc.gov

February 5, 2026

<u>**VIA EMAIL**</u>

Abbe David Lowell, Esq. (█████████@lowellandassociates.com)
Isabella Oishi, Esq. █████@lowellandassocaites.com)
Schuyler Standley, Esq. (████████@lowellandassociates.com)
Lowell & Associates, PLLC
1250 H Street NW, Second Floor
Washington, DC 20005
(202) 964-6110

Re:    <u>**Civil Investigative Demand to WPATH**</u>

Counsel,

Thank you for meeting with us again earlier this week (February 3) regarding the Commission's CID. We discussed several matters, some of which we outline below. We also respond to certain requests for modifications or clarifications that you made for the first time on February 3, and we will continue to consider any such requests you make.

**I.    Scope of the CID—Definition of "WPATH" and Related Issues**

To begin, you raised concerns about the First Amendment including, in particular, your hypothesis that the CID will have a "chilling effect" on WPATH's speech or associational rights. To the extent this sort of First Amendment analysis applies at all, we agreed with you that it would be your burden to prove any alleged "chill"—a burden you expressed confidence (if not certainty) that you could meet. To the extent you have evidence you would like us to consider, or even argument more specific than simply a general, unsupported "chill" claim, we would welcome the opportunity to evaluate it and advise our client accordingly.

To the extent your argument turns on the CID's definition of WPATH, we encourage you to reconsider. The definition includes standard language encompassing "subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers,

members, employees, agents, consultants, and other persons working for or on behalf of the foregoing." In this context, "members" refers to LLC members; please do not overread the word to support a First Amendment argument where none exists. In any event, and as we explained yesterday, you should construe "members" in the definition to include only "LLC members," to the extent any exist. This CID does not seek a response on behalf of thousands of individual WPATH members, nor is that our intent.

Finally, we asked you whether, in your view, any particular requests or interrogatories were somehow unconstitutionally intrusive. You did not identify specific examples during our meeting, but you offered to provide them to us, and we agreed to consider whatever perspective or particular arguments you share. If there is a way that we can address your concerns, meritorious or otherwise, and still obtain the information our investigation requires, we would agree to further limitations. Whatever the outcome, we welcome the dialogue, and we appreciate your commitment to identify any potentially problematic specifications so that we can at least attempt to resolve your concerns.

## II.    Scope of the CID—Other Definitions

You also asked us to clarify what "substantiation" means, and we explained that "substantiation" is a term-of-art in consumer protection jurisprudence. To the extent useful, we can direct you to potentially applicable caselaw establishing basic substantiation principles in consumer protection matters.

You also argued that "safe" is vague as applied to the procedures at issue. We disagree. As we explained, "safe" means what consumers (in this case, parents or minors) would understand it to mean in the context at hand. The fact that a CID does not define every word therein does not render the undefined words necessarily ambiguous. However, if you would like to propose a specific, more detailed definition of "safe," we would consider it as long as the proposal maintains fidelity to the word's common meaning to consumers in this context.

Finally, you asked whether we viewed social transition as a "medical intervention." Although the CID nowhere references "social transition," we confirm that a treatment exclusively involving social transition is not a "medical intervention" within the CID's scope.

## III.    Scope of the CID—Other Issues

At your request, we clarified that WPATH does not need to produce information publicly available on its website.

Also at your request, we reiterated that the focus of this investigation is treatment provided to minors (indeed, various requests refer specifically or "PGDT," or "Pediatric Gender Dysphoria Treatment"). Other information not expressly limited to minors is or reasonably could be probative, however, with respect to communications made to minors and/or their parents, or other associated issues. If this is an area that warrants further discussion, please advise.

Separately, you indicated that WPATH sometimes receives what you termed "hate mail," and you asked us about that in light of our request seeking, among other things, "complaints." Requests for complaints are standard in FTC investigations and consumers sometimes react with anger when services do not produce the claimed results. We reiterate that we need all responsive complaints.

Other than those issues identified above, you confirmed that there were no other matters you wanted to raise during our call.

2

### III.    Document Retention and Production

As with our prior meet-and-confer, we again raised the following issues: (i) how documents responsive to the requests in the Commission's CID are stored or maintained and what records management systems contain such material; (ii) the custodians that would have responsive documents in their possession, custody, or control; (iii) your process for reviewing those documents to determine responsiveness as well as your privilege review and how or when you would assert protected status claims; and (iv) whether you plan to use certain tools, like AI or Technology Assisted Review (TAR), to review and identify responsive documents. However, you indicated that you were not prepared yet to discuss these issues. Rather, you characterized them all as "for a later time."

### IV.    Production Schedule

You further indicated that WPATH was not prepared to discuss the production schedule we proposed on January 30 during our initial meet-and-confer and that we subsequently provided to you in writing.

As a formal matter, and in conformance with the applicable rules, we note that Deputy Director Kate White has endorsed the CID modifications this correspondence contains. We look forward to hearing from you.

.

Very truly yours,

Chief Litigation Counsel
Bureau of Consumer Protection

CC:    Via Email

Kate White, Deputy Director
Annie Chaing
Jennie Hitchcock
Hans Clausen
Bureau of Consumer Protection
Federal Trade Commission

David J. Dale (███@staubanderson.com)
Staub Anderson LLC

3