**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

THE WORLD PROFESSIONAL ASSOCIA-
TION FOR TRANSGENDER HEALTH,

      *Plaintiff*,

   *v.*

FEDERAL TRADE COMMISSION; AN-
DREW N. FERGUSON, in his official capac-
ity as Chairman of the Federal Trade Commis-
sion; MARK R. MEADOR, in his official ca-
pacity as Commissioner of the Federal Trade
Commission; and JOHN DOES 1-3, in their
official capacities as Commissioners of the
Federal Trade Commission,

      *Defendants*.

Civil Action No. 1:26-cv-00532-JEB

---

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Plaintiff respectfully submits the U.S. Supreme Court's decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, which issued on April 29, 2026, and is attached as Exhibit A. The *Davenport* decision bears directly on whether (1) this Court can hear Plaintiff's challenges to a civil investigative demand ("CID") before the FTC seeks enforcement and (2) whether the CID chills Plaintiff's First Amendment rights.

In *Davenport*, the New Jersey Attorney General subpoenaed information about a non-profit's donors to investigate whether the organization had "misled" them. Ex. A at 3. The non-profit sued to prevent enforcement of the subpoena, submitting "unrebutted declarations" attesting that the subpoena "threatened to 'weaken [its] ability to recruit new donors . . . as prospective partners would be hesitant to risk the revelation of their personal information.'" *Id.* at 11. The Supreme Court held that "[d]emands for private donor information . . . 'chill' protected First

Amendment associational rights" and thus establish "present injury" to such rights. *Id.* at 10. That injury "occurs not just when a demand is enforced, but when it is made and for as long as it remains outstanding." *Id.* at 12. The characterization of a subpoena as "'non-self-executing'" does not redress the injury to First Amendment rights, because the "'value of a sword of Damocles is that it hangs—not that it drops.'" *Id.* at 15. The subpoena's "command, even if not immediately enforceable, is backed by a threat of court-ordered compliance followed by the possibility of sanctions." *Id.* at 16.

Because the subpoena imposed a present First Amendment injury, the Supreme Court distinguished *Reisman v. Caplin*, 375 U.S. 440 (1964), and *FTC v. Claire Furnace Co.*, 274 U.S. 160 (1927), which refrained from considering challenges to administrative subpoenas before the agency sought enforcement. Ex. A at 17-18. In neither *Reisman* nor *Claire Furnace* did the plaintiff "suffer[] ongoing injuries from the subpoena itself." *Id.* at 18 (citing *Media Matters for Am. v. Paxton*, 138 F. 4th 563, 582-583 (D.C. Cir. 2025)). Only the absence of such ongoing injury permitted the conclusion that "review upon enforcement . . . works no injustice." *Id.*

Dated: April 30, 2026                     Respectfully Submitted,

                                          */s/ Abbe D. Lowell*
                                          Abbe David Lowell [Bar No. 358651]
                                          Caleb Hayes-Deats [Bar No. 1643213]
                                          Schuyler J. Standley [admitted *pro hac vice*]
                                          Isabella M. Oishi [Bar No. 90018056]
                                          LOWELL & ASSOCIATES, PLLC
                                          1250 H Street, N.W., Suite 250
                                          Washington, DC 20005
                                          T: (202) 964-6110
                                          F: (202) 964-6116
                                          ALowellpublicoutreach@lowellandassociates.com
                                          CHayes-Deats@lowellandassociates.com
                                          SStandley@lowellandassociates.com
                                          IOishi@lowellandassociates.com

                                          *Attorneys for Plaintiff*

2