**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE WORLD PROFESSIONAL
ASSOCIATION FOR TRANSGENDER
HEALTH,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION, et al.,

*Defendants*.

Civil Action No. 1:26-CV-00532 (JEB)

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Supreme Court's decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S. Apr. 29, 2026), does not show that this Court "can hear" WPATH's pre-enforcement challenge to an FTC CID or that WPATH is likely to prevail on the merits, Pl.'s Letter at 1.

*First Choice* addressed only a "narrow question": whether a pregnancy center had Article III standing to challenge a state "subpoena's constitutionality in federal court" under 42 U.S.C. § 1983. Op. at 1, 5. The Court concluded that the pregnancy center's allegations of "actual and ongoing" First Amendment injury "satisf[ied] the injury-in-fact requirement" for standing. *Id.* at 6. That holding has no purchase here, where Article III standing is not at issue.

In fact, *First Choice* is fully consistent with the FTC's position that this Court lacks jurisdiction because Congress provided an exclusive judicial-review scheme in the FTC Act. The Court confirmed that federal courts lack "equitable authority" in cases like this one, where "the federal government would sue to enforce subpoenas" in federal court, because that path to a federal forum in an enforcement action provides an "adequate remedy at law." *Id.* at 18 (citing *Claire*

1

*Furnace* and *Reisman*).  The distinction between review in a state court (as in *First Choice* and *Paxton*) and in a federal court (as here), is thus a "difference [that] matters." *Id.*  Meanwhile, *First Choice*'s analysis of a subpoena issued under a *state* statute provided no occasion to consider *Thunder Basin*'s claim-channeling framework for *federal* statutes.  And the Court's standing analysis is irrelevant to that framework, which presupposes an ongoing injury sufficient for Article III standing.  Op. Br. 20-21.

First Choice* also does not help WPATH on the merits.  Whether the pregnancy center there alleged a sufficient Article III injury at the pleading stage—where a plaintiff's allegations are taken "as true," Op. at 11—has no bearing on whether WPATH has made a clear showing of irreparable harm or of a likelihood of success on the merits.  *First Choice*'s standing analysis therefore provides no support for WPATH's misguided First Amendment claims.

2

Dated: May 5, 2026

Respectfully submitted,

<table>
<tr><td>

OF COUNSEL:

LUCAS CROSLOW
*General Counsel*

Alex Potapov
*Deputy General Counsel*

ETHAN D. BECK
*Counsel to the General Counsel*

CHRISTOPHER MUFARRIGE
*Director*, Bureau of Consumer Protection

KATHERINE WHITE
*Deputy Director*, Bureau of Consumer Protection

*Federal Trade Commission*
*600 Pennsylvania Ave., N.W.*
*Washington, DC 20580*
*(202) 326-2110*
*ebeck@ftc.gov*

</td><td>

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

/s/ John Bailey

JOHN BAILEY
*Counsel to the Assistant Attorney General*
*United States Department of Justice*
*Civil Division*
*950 Pennsylvania Ave. NW*
*Washington, DC 20530*
*Phone: (202) 514-6993*
*Email: john.bailey@usdoj.gov*

*Attorneys for Defendants*

</td></tr>
</table>

3