**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

THE WORLD PROFESSIONAL
ASSOCIATION FOR TRANSGENDER
HEALTH,

     *Plaintiff*,

    *v.*

FEDERAL TRADE COMMISSION, *et al.*,

    *Defendants*.

</td><td>

Case No. 26-cv-00532-JEB

</td></tr>
</table>

**DECLARATION OF CALEB HAYES-DEATS IN SUPPORT OF PLAINTIFF'S
MOTIONS FOR A TEMPORARY RESTRAINING ORDER, AN ANTISUIT
INJUNCTION, AND DISCOVERY REGARDING POTENTIAL
<u>VIOLATIONS OF THE PRELIMINARY INJUNCTION</u>**

I, Caleb Hayes-Deats, declare under 28 U.S.C. § 1746 that:

1.    I am a partner with the law firm Lowell & Associates, PLLC.  I represent Plaintiff the World Professional Association for Transgender Health ("WPATH") in this action.  I submit this declaration in support of Plaintiff's Motions for a Temporary Restraining Order, an Antisuit Injunction, and Discovery Regarding Potential Violations of the Preliminary Injunction.  If called upon to do so, I could and would competently testify as follows:

2.    On May 6, 2026, the U.S. Department of Justice ("DOJ") issued at least two grand jury subpoenas from the Northern District of Texas to hospitals that provide transgender healthcare to minors.

3.    I have attached as Exhibit 1 a true and complete copy of the grand jury subpoena served on Lucile Salter Packer Children's Hospital at Stanford ("LPCH").  LPCH filed the attached

1

copy of its grand jury subpoena in a litigation in the Northern District of California. *See Z.A. v. Blanche*, No. 5:26-cv-4998-PCP (N.D. Cal.) ECF 31-2.

4.      I have attached as Exhibit 2 a true and complete copy of a declaration filed by LPCH's counsel on June 3, 2026. In that declaration, counsel for LPCH describes the May 6 grand jury subpoena served on LPCH as "substantially similar" to an administrative subpoena DOJ served in July 2025.

5.      I have attached as Exhibit 3 a true and complete copy of an administrative subpoena served on Rhode Island Hospital on July 3, 2025. The Child Advocate for the State of Rhode Island filed that administrative subpoena in a litigation in the District of Rhode Island. *See In re Motion to Quash Administrative Subpoena to Rhode Island Hospital*, 1:26-mc-007-MSM-AEM (D.R.I.), ECF 1-2.

6.      While the administrative subpoena served on Rhode Island Hospital in July 2025 is substantially similar to the grand jury subpoena served on LPCH, the grand jury subpoena includes two additional requests. The second additional request, Item No. 17, seeks:

> All communications with the World Professional Association for Transgender Health ("WPATH") or any of its members relating to Sex-Rejecting Procedures, including but not limited to communications regarding the safety and efficacy or Sex-Rejecting Procedures, the Standards of Care 8, and billing guidance for Sex-Rejecting Procedures.

Ex. 1 at 8.

7.      DOJ also served a grand jury subpoena on NYU Langone Hospital. On June 1, 2026, a group of NYU Langone minor patients and their parents filed a lawsuit in the Southern District of New York seeking to block DOJ from obtaining their records through the grand jury subpoena. *See Coe v. Blanche*, No. 26 Civ. 4641 (KPF) (S.D.N.Y.).

2

8.      On June 24, 2026, the U.S. District Court for the Southern District of New York entered a temporary restraining order barring DOJ from receiving sensitive health information of the individual plaintiffs or a provisional class through the grand jury subpoena served on NYU Langone or any "substantially similar" administrative subpoena.  I have attached as Ex. 4 a true and complete copy of the temporary restraining order, as entered on the public docket.  *See Coe v. Blanche*, No. 26 Civ. 4641 (KPF) (S.D.N.Y.) ECF 65.

9.      I have attached as Exhibit 5 a true and complete copy of a transcript of the hearing in which the U.S. District Court for the Southern District of New York announced the reasons for its decision to enter a temporary restraining order.

10.     On June 16, 2026, DOJ issued a grand jury subpoena from the Northern District of Texas to one of WPATH's members.  I have attached as Exhibit 6 a true and complete copy of the subpoena, with the recipient's name redacted.  That grand jury subpoena purported to require production of the following documents, among others:

      a.   "all communications with any WPATH member"; and

      b.   "all documents and communications related to any WPATH publication, including WPATH SOC 8."

Ex. 6 at 3.

11.     The grand jury subpoena attached as Exhibit 6 identified the time period covered by its requests as "**January 1, 2020, through the present**."  Ex. 6 at 3.

12.     On June 17, 2026, the Federal Trade Commission ("FTC") filed a lawsuit against WPATH in the Northern District of Texas.  I have attached a true and complete copy of the unsealed version of the FTC's complaint as Exhibit 7.

13.     The FTC attached sixteen declarations to its complaint.  The individuals who executed those declarations included Soren Aldaco, Claire Abernathy, Vanessa Sivadge, Beth

Bourne, and Gwen Turecki.  *See FTC v. WPATH*, 4:26-cv-748-O (N.D. Tex.) ECF 1-1, 1-2, 1-3, 1-5, 1-11.  Each of those individuals participated in the FTC's 2025 workshop entitled, "The Dangers of 'Gender-Affirming Care' for Minors."  ECF 3-28 at 8, 51, 57, 61, 63.

14.     Fourteen of the sixteen individuals who filed declarations with the FTC's complaint live or received care in Massachusetts; Missouri; California; Michigan; Arizona; Minnesota; Maryland; and Florida. *See FTC v. World Professional Association for Transgender Health*, No. 4:26-cv-748-O (N.D. Tex.), ECF 1-2 to 1-16.  Only two declarants, Soren Aldaco and Vanessa Sivadge, reside in Texas.  *Id.* ECF 1-1, 1-3.  Both Ms. Aldaco and Ms. Sivadge traveled to Washington, D.C. to speak at the FTC's 2025 workshop.  ECF 3-28 at 51, 61.

15.     I have attached as Exhibit 8 a true and complete copy of the docket sheet in the lawsuit the FTC filed in the Northern District of Texas as of June 29, 2026.  The docket sheet shows that five attorneys have appeared on behalf of the FTC.  Four of those five list an office address in Washington, D.C.  The fifth lists an office address in Atlanta, Georgia.  No attorney for the FTC lists an office address in Texas.

16.     The docket sheet further shows that the FTC asserts it served WPATH on June 23, 2026.  Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), WPATH's response to the complaint would be due on July 14, 2026.

17.     The same day that the FTC filed suit in Texas, the FTC notified WPATH that it intended to withdraw the civil investigative demand ("CID") it had previously served, which it no longer regarded as "necessary to its investigation."  ECF 43-1.  The FTC similarly withdrew CIDs it had served on Endocrine Society and the American Academy of Pediatrics.  *See Endocrine Soc'y v. Federal Trade Commission*, No. 1:26-cv-00512-JEB, ECF 40 (D.D.C. June 22, 2026); *American*

4

*Academy of Pediatrics v. Federal Trade Commission*, No. 1:26-cv-00508-CRC, ECF 40 (D.D.C. June 22, 2026).

18.     On June 30, 2026, my colleagues and I met and conferred with counsel for the FTC regarding the withdrawal of the CID.  Counsel for the FTC asserted that the withdrawal of the CID rendered this case moot.  We asked whether the FTC intended to seek the same information covered by the CID through discovery in the Northern District of Texas.  Counsel for the FTC stated that the Texas litigation was completely distinct from this case and that whatever may occur in the Texas litigation is not affected by this case.  The FTC declined to offer any assurances that it would not seek discovery in the Northern District of Texas that fell within the scope of the CID.

19.     I have attached as Exhibit 9 a true and complete copy of the Form 990 WPATH filed with the IRS for 2024, as downloaded from ProPublica's website.  Exhibit 8 shows that WPATH operated at a loss in 2024 and held only $1.2 million in net assets.

20.     While WPATH has not identified all the witnesses it might call in further proceedings in this matter, the witnesses it has identified to date reside in Washington, D.C.; Columbus, OH; and Chicago, IL.  None reside in Texas.

21.     At 7:32 pm on June 30, 2026, undersigned counsel emailed Ethan Beck (ebeck@ftc.gov) and Alex Potapov (apotapov@ftc.gov) of the FTC to notify them that WPATH would seek (A) a temporary restraining order and preliminary injunction barring the FTC from prosecuting the Texas litigation and (B) discovery concerning potential violations of the Court's existing preliminary injunction.

22.     Copies of all pleadings and papers filed in this action will be delivered to the FTC by emails addressed to Ethan Beck (ebeck@ftc.gov) and Alex Potapov (apotapov@ftc.gov).

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on June 30, 2026.

Caleb Hayes-Deats

LOWELL & ASSOCIATES, PLLC
1250 H Street, NW, Suite 250
Washington, DC 20005
Telephone: (202) 964-6110
Facsimile: (202) 964-6116
chayes-deats@lowellandassociates.com

6