# Exhibit 2

ALICIA W. MACKLIN (State Bar No. 266325)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone:    (310) 551-8111
Facsimile:    (310) 551-0304
E-Mail:        amacklin@hooperlundy.com

JORDAN KEARNEY (State Bar No. 305483)
KATRINA PAGONIS (State Bar No. 262890)
**HOOPER, LUNDY & BOOKMAN, P.C.**
44 Montgomery Street, Suite 3500
San Francisco, California 94104
Telephone:    (415) 875-8500
Facsimile:    (310) 362-8937
E-Mail:        jkearney@hooperlundy.com
                kpagonis@hooperlundy.com

DAVID S. SCHUMACHER (MA State Bar No. 647917)
(*admitted pro hac vice*)
**HOOPER, LUNDY & BOOKMAN, P.C.**
470 Atlantic Avenue, Suite 1201
Boston, Massachusetts 02210
Telephone:    (617) 532-2700
Facsimile:    (617) 848-0625
E-Mail:        dschumacher@hooperlundy.com

Attorneys for Defendant Lucile Salter Packard
Children's Hospital at Stanford

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; and F.F., <br><br> Plaintiffs, <br><br> vs. <br><br> LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation, <br><br> Defendant. | Case No. 5:26-cv-04998-PCP <br><br> **DECLARATION OF DAVID S. SCHUMACHER** <br><br> **HEARING ON MOTION:** <br> Date:      June 5, 2026 <br> Time:      10:00 a.m. <br> Crtrm.:    8 <br> Judge:    Hon. P. Casey Pitts |

10440672.4

I, David S. Schumacher, declare as follows:

1. I am outside counsel for Lucile Salter Packard Children's Hospital at Stanford ("LCPH"). I represent LPCH in connection with an investigation being conducted by the U.S. Department of Justice ("DOJ") regarding LPCH's gender affirming care ("GAC") clinic. I have personal knowledge of and could competently testify concerning the matters set forth herein.

2. In July 2025, the DOJ issued a subpoena to LPCH seeking a wide range of records associated with LPCH's GAC clinic. The subpoena was an administrative "HIPAA" subpoena issued pursuant to 18 USC § 3486 (the "HIPAA Subpoena"). I am aware that, in the summer of 2025, the DOJ issued numerous virtually identical HIPAA subpoenas to hospitals around the country. The HIPAA Subpoena issued to LPCH included requests for records of all minor patients that received GAC at LPCH.

3. Between August 2025 and May 2026, LPCH initiated a comprehensive search for responsive information and produced records in response to certain requests in the HIPAA Subpoena.

4. LPCH did not produce any patient records in response to the HIPAA Subpoena. The DOJ had indicated that it would accept anonymized patient records in the first instance. LPCH explored this possibility, even though it would be extremely complicated and expensive to anonymize the patient records. This project was ongoing as of May 6, 2026.

5. Rhode Island Hospital was one of the health systems that received a virtually identical HIPAA subpoena. On April 30, 2026, the DOJ filed a motion against Rhode Island Hospital to compel compliance with its HIPAA subpoena. DOJ filed this motion not in Rhode Island, but in the Northern District of Texas. The presiding judge allowed the motion on the same day, before the hospital had an opportunity to respond.

6. On May 6, 2026, the DOJ informed counsel for LPCH via email, out of the blue, that DOJ was withdrawing LPCH's HIPAA Subpoena "[e]ffective immediately." The next day, May 7, 2026, DOJ issued a grand jury subpoena to LPCH (the "Grand Jury Subpoena"). The Grand Jury Subpoena was substantially similar to the HIPAA Subpoena, with one major difference: it was issued from the Northern District of Texas. The return date on the Grand Jury

10440672.4

DECLARATION OF DAVID S. SCHUMACHER

Exh. A,
Page 3

Subpoena is June 10, 2026.

7.      Counsel for LPCH has met and conferred with the DOJ regarding the Grand Jury Subpoena. The DOJ indicated that it expected substantial compliance with the Grand Jury Subpoena, including the production of tens of thousands of patient records, by June 10, 2026, the return date on the subpoena (34 days after it was issued)—although discussions are ongoing.

8.      The DOJ indicated that, while it would accept anonymized patient records in the first instance, it reserved the right to request unmasked patient records, and LPCH could challenge such a request in court. LPCH has been negotiating, at extraordinary expense, to undertake detailed redactions of the patient records commanded by the Grand Jury Subpoena.

9.      While these discussions were ongoing, on May 27, 2026, the instant lawsuit was filed. Counsel for LPCH updated the DOJ regarding the lawsuit. The DOJ stated that, if the Court issued an injunction preventing LPCH from producing patient records in response to the Grand Jury Subpoena, the DOJ would immediately move to compel full compliance with the subpoena in the Northern District of Texas, to include patient-identifying information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2026, at Boston, Massachusetts.

/s/ David S. Schumacher
David S. Schumacher

10440672.4

3                                        Case No. 5:26-cv-04998-PCP
DECLARATION OF DAVID S. SCHUMACHER                 Exh. A,
                                                   Page 4