# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; et al., *on behalf of themselves and all similarly situated*,<br><br>   *Plaintiffs,*<br><br>    v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; et al.,<br><br>   *Defendants.* | 26 Civ. 4641 (KPF) |

**TEMPORARY RESTRAINING ORDER AND PROVISIONAL**
**CLASS CERTIFICATION**

Pursuant to Fed. R. Civ. P. 65, and having reviewed Plaintiff's Proposed Order to Show Cause for a Temporary Restraining Order and Provisional Class Certification, Plaintiff's supporting Memoranda of Law with attached declarations and exhibits, and any response thereto, and having otherwise been fully advised, the Court finds there is good cause to GRANT the emergency motion of Plaintiffs for a temporary restraining order and provisional class certification and HEREBY ORDERS and ADJUDGES as follows:

1) Plaintiffs Motion for Temporary Restraining Order and Provisional Class Certification are GRANTED because Plaintiffs have demonstrated that they will suffer irreparable harm if the Court does not issue relief; that they are substantially likely to prevail on their claims that DOJ Defendants'[1] actions demanding identifying and sensitive health

---

[1] As used herein, the term "DOJ Defendants" means Todd Blanche, in his official capacity as Acting Attorney General of the United States, and the United States Department of Justice.

1

information of Plaintiffs and the Class run afoul of constitutional protections for their informational privacy and against unreasonable searches and seizures and that NYU Defendants'[2] compelled disclosure of Plaintiffs' and the NYU Subclass's identifying and sensitive health information would constitute a breach of physician-patient confidentiality under New York law; that the balance of equities and public interest tip in favor of a temporary restraining order; and that preliminary relief is an appropriate and necessary remedy. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In addition, Plaintiffs have sufficiently provisionally demonstrated that the proposed Class and NYU Subclass adhere to the Federal Rules of Civil Procedure, and such classes are hereby provisionally certified.

2) Preliminary relief is appropriate on a class-wide basis for the following Class and NYU Subclass:

   a. **The Class:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at a healthcare institution located in New York City, including NYU Langone Hospitals (and any other NYU entity) and Mount Sinai Health System.

---

[2]     As used herein, the term "NYU Defendants" means NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University.

b. **The NYU Subclass:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at NYU Langone Hospitals or any other NYU entity.

3) DOJ Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from:

a. Seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information of Plaintiffs and members of the Class through the Subpoenas at issue or substantially similar administrative or grand jury subpoenas as part of the U.S Department of Justice's claimed investigations into health care offenses related to gender-affirming medical care.

4) NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from:

a. disclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants in response to the Subpoena at issue or any substantially similar administrative or grand

3

jury subpoenas as part of the U.S. Department of Justice's claimed investigations into healthcare offenses related to gender-affirming medical care.

5) It is further ORDERED that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction, plaintiffs are suing the government to vindicate constitutional rights, and imposing a security requirement would pose a hardship for Plaintiffs. *See* Fed. R. Civ. P. 65(c); *see also Pharm. Soc. of State of New York, Inc. v. New York State Dep't of Soc. Servs.*, 50 F.3d 1168, 1174 (2d Cir. 1995); *Widakuswara v. Lake*, 773 F. Supp. 3d 46 (S.D.N.Y. 2025).

**IT IS SO ORDERED.**

Dated: June 24, 2026
New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge

4