**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH,<br>*Plaintiff*,<br>*v.*<br>FEDERAL TRADE COMMISSION, *et al.*,<br>*Defendants*. | No. 1:26-cv-00532-JEB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 29, 2026, Defendants filed a Notice of Supplemental Authority to further pursue their forfeited argument that WPATH's extensive evidence of causation, including a "pattern of litigation and information demands" for member information "along with articulated hostility towards proponents of gender-affirming care," is insufficient to state a claim for First Amendment retaliation. *See* ECF No. 66; ECF No. 64 at 32 (explaining the FTC's forfeiture). *Anthropic PBC v. U.S. Department of War*, __F.4th__, 2026 WL 2881404 (D.C. Cir. Sept. 25, 2026), does not support dismissal. The D.C. Circuit found that rhetoric in a single social media post did not establish causation for a First-Amendment retaliation claim, particularly because the post also provided a non-pretextual explanation for the Department's actions. *Id.* at *17.

In contrast, this Court has already found that WPATH provided "extensive evidence of animus" and that the FTC's justifications for its retaliatory acts were "wafer-thin." ECF No. 41 at 9; *accord Endocrine Soc'y v. FTC*, 832 F. Supp. 3d 1, 17 (D.D.C. 2026). WPATH provided over a year of statements and actions by the FTC officials leading, participating in, and approving the

investigation into WPATH, demonstrating hostility to WPATH's First Amendment activities—and the FTC remains unable to provide a non-pretextual justification for its acts. ECF No. 64 at 3-9, Compl. ¶¶ 70-112, 122, 135-36. The FTC's late-game citations to *Mullin v. Doe*, 146 S. Ct. 2121, 2139 (2026) and *QueerDoc, PLLC v. U.S. Dep't of Just.*, __F.4th__, 2026 WL 2359440 (9th Cir. Aug. 14, 2026), point to cases that do not address the First Amendment and fail for the same reasons as *Anthropic*. These authorities provide no ground for dismissal, and the Court should deny the FTC's motion.

Dated: September 30, 2026

Respectfully Submitted,

*/s/ Abbe David Lowell*
Abbe David Lowell [Bar No. 358651]
Caleb Hayes-Deats [Bar No. 1643213]
Schuyler J. Standley [*admitted pro hac vice*]
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

*Counsel for WPATH*